| | | |
|---|---|---|
| THE CRAWFORD GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1274 CAS |
| | ) | |
| WILLIAM F. HOLEKAMP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant William F. Holekamp's ("Holekamp") motion to dismiss. Plaintiff opposes the motion. For the following reasons the Court will deny defendant's motion to dismiss.

**Background**

Plaintiff, The Crawford Group, Inc. ("Crawford"), filed this action to vacate an interim arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Holekamp initiated arbitration with the American Arbitration Association ("AAA") on July 31, 2004. The arbitration involved issues arising under a February 2, 2000 "Stock Award and Shareholder Agreement" between Crawford and Holekamp. The Agreement provided that Holekamp, a former employee of Crawford's subsidiary Enterprise Rent-A-Car Company, was granted stock in Crawford, subject to terms and conditions including Crawford's right to call the stock and redeem it at a specified price. The issue in the arbitration was whether the redemption price determined by Crawford, when it called the stock in 2004, was correct.

On May 25, 2006, an interim arbitration award was entered, and on August 23, 2006, Crawford filed its complaint in this matter along with a motion to vacate the interim award. In response, defendant filed the instant motion on November 17, 2006, alleging that plaintiff's action should be dismissed because the award it seeks to vacate is only an interim award and leaves several matters unresolved. Defendant argues that under section 10(a)(4) of the FAA only a final award can be the subject of a motion to vacate. Defendant concludes that plaintiff improperly seeks to vacate the interim award issued May 25, 2006 instead of the final award issued October 20, 2006.

Crawford responds by offering two separate lines of argument. Crawford first argues that in issuing the interim award the arbitration panel reached a final decision on the only substantive issue before it for decision. According to Crawford, under the rules of the AAA an interim award can only be modified upon an application made within twenty days after the transmittal of the award. Plaintiff argues that because no application was made within twenty days of the transmittal of the award, it became final and nonmodifiable on June 12, 2006, thus making it reviewable by the Court.

Crawford next argues that because the interim award represented the final determination of a discrete issue, and was not subject to change or revision by the arbitrators, under the FAA the Court has the authority to review and vacate the arbitration panel's interim award. Plaintiff cites a number of cases which it claims support the proposition that "an arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the Act even if other claims remain pending." Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, 127 F.Supp.2d 482, 490 (S.D.N.Y. 2001).

Holekamp replies that the issue of whether the interim award could be modified is irrelevant, and that the focus should be on whether the award was final so as to trigger the provisions of the FAA. Defendant points out that plaintiff cites no authority to support its contention that the modification provisions in the AAA rules affect the finality of an interim award. Defendant asserts that section 10(a)(4) of the FAA provides that only a final and definite award can be the subject of a motion to vacate. Defendant argues that the cases cited by plaintiff are not instructive because most of the cases involve interim orders regarding equitable relief to maintain the status quo or to preserve assets. Holekamp suggests that the Court should instead be guided by Legion Insurance Co. v. VCW, Inc., 198 F.3d 718 (8th Cir. 1999). In Legion, the Eighth Circuit stated, "Whether the award indicates that [it] is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final." Id. at 720 (quoted case omitted). Defendant contends that because the language in the interim award does not indicate finality, it cannot be considered a final award for the purposes of this action.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of its claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the

complaint in a light most favorable to the plaintiff.  Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).  The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**

Plaintiff first argues that the Court should treat the interim award issued on May 25, 2006 as a final award because defendant did not seek to modify the award before the twenty-day deadline imposed by AAA Commercial Rule R-46.  That rule states:

> Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award.  The arbitrator is not empowered to redetermine the merits of any claim already decided.  The other parties shall be given 10 days to respond to the request.  The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

AAA Commercial Rule R-46.

The Court finds plaintiff's argument to be unpersuasive.  As defendant observes, plaintiff cites no authority that the  modification provisions in the AAA rules have any bearing on the finality of an interim award for purposes of judicial review.   Additionally, on its face, the rule states that its provisions apply to modifications "to correct any clerical, typographical, or computational errors in the award."  The rule does not state that after twenty days an interim award is converted into a final award, as plaintiff suggests.  The rule merely provides a means for correcting clerical, typographical, or computational errors.

Moreover, the interim award in this case anticipated that a final award would be issued outside of the twenty-day window that plaintiff seeks to impose. The interim award states, "This Award shall remain in full force and effect until such time as a final Award is rendered." (Interim Award of Arbitrator dated May 25, 2006, at 3). The final award was not issued until October 20, 2006, some 148 days later, and 128 days past the deadline plaintiff seeks to impose. Thus, the Court finds that this argument does not warrant conversion of the interim award into a final award for purposes of this action.

The Court finds more persuasive plaintiff's argument that the interim award can be treated as a final award because it represented the final determination of a discrete issue, and was not subject to change or revision by the arbitrators. This argument is supported by language in both the interim award issued May 25, 2006 and the final award issued October 20, 2006. In this regard the interim award states:

> Both parties now appear in agreement that this Panel should decide whether, and if so in what amount, attorneys' fees and related expenses incurred in this arbitration should be awarded. This is consistent with the arbitration provisions of the Agreement. At the March, 2006 hearing, the parties agreed to defer the attorneys' fees and related expenses issues until a determination on the merits, which has now been rendered.

Id. at 3.

The language of the interim award thus indicates that both the parties and the arbitrators agreed that the arbitration would be bifurcated. First the panel would reach a determination on the merits, and then it would make a determination on the attorneys' fees and related expenses issues. The interim award established a price for the stock and awarded Holekamp a sum of money from Crawford

together with interest at the rate of nine percent (9%) per annum until payment. This bifurcated award framework is further supported by language in the final award which states in relevant part:

> The Arbitrators have previously entered an Interim Reasoned Award dated May 25, 2006 with respect to the most significant issues between the parties. Hearings were resumed on September 27, 2006 for determination of Claimant's Motion for Award of Attorneys' Fees and Reimbursement of Expenses.

Final Award dated October 20, 2006 at 1. The final award thus only addresses the issues of attorneys' fees and expenses and expressly states that the interim award disposed of "the most significant issues between the parties." Id.

The Eighth Circuit has approved of the use of a bifurcated arbitration where the parties have agreed to use such a process. In Manion v. Nagin, 392 F.3d 294, 296 (8th Cir. 2004), the plaintiff argued that the bifurcated award procedure employed by the arbitrator should result in vacation of the decision. The Eighth Circuit found Manion's arguments to be unavailing because the arbitrator followed the procedures agreed to by the parties. The Court found that the record indicated the arbitrator would reserve ruling on certain ancillary issues including amounts owed for past wages and dividends, and whether either party was entitled to costs and attorneys fees as the prevailing party. The Court found that this procedure was appropriate and that the interim award "finally determined the substantive issues of whether Manion was wrongfully terminated and whether his preferred stock had been converted." Manion, 392 F.3d at 299.

In the instant action, as in Manion, the record indicates that the parties agreed to a bifurcated arbitration process. As noted above, the interim award and the final award both contemplate the two-step process that was utilized by the arbitration panel. In the instant matter, the final award did not

alter or change the liability or damages conclusions of the interim award, and merely addressed the ancillary issues of attorneys' fees and expenses.

While the Eighth Circuit has approved of the use of bifurcated arbitration where the parties have agreed to use such a process, there appears to be no clear precedent in this Circuit as to whether an interim award issued in such a process can be treated as final if it represents the final determination of a discrete issue, and is not subject to change or revision by the arbitrators. The Court will therefore look to the law of other circuits for guidance on the issue.

Most of the other circuits have held that an interim award which finally disposes of an independent claim is subject to judicial review. The First Circuit addressed the issue of whether an award concerning a discrete portion of an arbitration action, or a partial award, is reviewable by the district court, and if so, whether this power extends to a partial award on liability in a bifurcated proceeding. See Hart Surgical, Inc. v. UltraCision, Inc., 244 F.3d 231, 236 (1st Cir. 2001). In Hart, the First Circuit held that in an arbitration case that is bifurcated into liability and damages phases, the arbitral award with respect to liability is a final award under the FAA. However, that holding was limited to cases in which the parties had formally agreed to bifurcate the arbitration. The court's reasoning in Hart was subsequently extended to situations where bifurcation was informally agreed to. See Providence Journal Co. v. Providence Newspaper Guild, 271 F.3d 16 (1st Cir. 2001).

Other courts have also held that the FAA permits a court to review and vacate an arbitration panel's interim award where the interim award represents the final determination of a discrete issue, and is not subject to change or revision by the arbitrators. See Yasuda Fire & Marine Ins. Co. of Eur. v. Cont'l Casualty Co., 37 F.3d 345, 348 (7th Cir. 1994) (arbitral "interim order of security" found

to be a final award because the order was necessary to prevent the final award from becoming meaningless); Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1023 (9th Cir. 1991) (arbitral "interim final order" providing temporary equitable relief necessary to make potential final award meaningful found to be final and subject to confirmation); Trade & Transport, Inc. v. Natural Petroleum Charterers, Inc., 931 F.2d 191, 195 (2d Cir. 1991) (partial arbitral award that decided liability found to be a final award); Island Creek Coal Sales Co. v. Gainesville, 729 F.2d 1046, 1049 (6th Cir. 1984) (arbitral "interim order" that finally and definitively disposed of separate, discrete, self-contained issue found to be final and subject to confirmation); Sperry International Trade, Inc. v. Government of Israel, 689 F.2d 301, 304 n.3 (2d Cir. 1982) (appeals court itself did not consider, but noted that district court found arbitral "award" that was final as to severable issues was final and subject to confirmation).

The district court for the Southern District of New York addressed this issue in Home Insurance, 127 F.Supp.2d at 490. In Home Insurance, the court concluded that an interim award which adjudicates a portion of a damages claim, and orders the payment of that sum, is final even though outstanding liability and potential damages issues remained to be resolved with respect to the remainder of the same claim. The court stated that "an arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the Act even if other claims remain pending." Id. at 487.

The Court concludes that the Interim Award of Arbitrator dated May 25, 2006 finally determined the substantive issues on the merits and is thus properly before this Court on plaintiff's motion to vacate. As in Home Insurance, the interim award in the instant case orders the payment

of a specific sum and even sets a retroactive interest rate per annum until that sum is paid. In addition, as in <u>Providence</u>, in the instant action there was an agreed-to bifurcation at the arbitration stage which resulted in an interim award after a determination on the merits.

The Court rejects defendant's argument that the interim award should not be treated as final based on the Eighth Circuit's decision in <u>Legion</u>. In that case, the Eighth Circuit stated that in determining whether an award is final, a court must consider the language of the award and the intention of the arbitrators. As noted above, the Court finds that the language of both the interim award and the final award indicate that the interim award reached a final determination on the merits with respect to the most significant issues. Thus the Court finds that the arbitrators intended the interim award to be final as to the substantive issues in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant William F. Holekamp's Motion to Dismiss is **DENIED**. [Doc. 16]

**IT IS FURTHER ORDERED** that defendant shall have ten days to respond to plaintiff The Crawford Group, Inc.'s Motion to Vacate Arbitration Award. <u>See</u> Rule 12(a)(4)(B), Fed. R. Civ. P.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**



Dated this  19th  day of March, 2007.