# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE CRAWFORD GROUP, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-CV-1274 CAS |
| WILLIAM F. HOLEKAMP, an individual, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant William F. Holekamp's Motion to Quash and for Protective Order. For the following reasons the motion will be granted.

Pending before the Court is plaintiff The Crawford Group Inc.'s (the "Crawford Group") petition to vacate the arbitration award. Among other reasons, the Crawford Group moves to vacate the award because it alleges that one of the three arbitrators, Harry V. Ruffalo, did not meet the qualifications to serve as an arbitrator under the parties' arbitration agreement. Holekamp has filed a brief opposing the Crawford Group's motion to vacate. Before filing its reply, however, the Crawford Group subpoenaed Mr. Ruffalo for documents and deposition testimony concerning his qualifications. Holekamp moves to quash the subpoena on the grounds that (1) the Crawford Group is seeking to impeach the American Arbitration Association's ("AAA") decision that affirmed Ruffalo as a qualified arbitrator, (2) the subpoenas seek irrelevant information, and (3) the Crawford Group has waived its right to discovery of this material.

Federal Rule of Civil Procedure 26(c) allows the court in which an action is pending to enter a protective order upon a motion by a party "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Among other things, the court may order that discovery not be had. See Fed. R. Civ. P. 26(c)(1).

The arbitration provision at issue is contained in the parties' Stock Award and Shareholder Agreement. It states in pertinent part:

> Each arbitrator shall have experience in arbitrating matters substantially similar to the matter being arbitrated pursuant to this paragraph 15. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the AAA or such other rules as determined by a majority of the arbitrators serving.

Stock Award and Shareholder Agreement, ¶ 15(a).

In its motion to vacate, the Crawford Group argues that Mr. Ruffalo did not have experience arbitrating matters substantially similar to the instant matter. In fact, the Crawford Group argues that Mr. Ruffalo did not have any experience arbitrating any matters. It raised this concern before the AAA prior to the Mr. Ruffalo's affirmation as an arbitrator. In a letter dated October 27, 2004, counsel for the Crawford Group sought additional information from the AAA regarding Mr. Ruffalo's qualifications. The AAA submitted additional information concerning Mr. Ruffalo's experience in arbitration matters to the parties. It appointed Mr. Ruffalo as an arbitrator subject to the objections of the parties. On November 4, 2004, pursuant to Rule 17(b) of the AAA's Commercial Arbitration Rules, the Crawford Group objected to Mr. Ruffalo's designation as an arbitrator. Over this objection, "[a]fter careful consideration of the parties' contentions," the AAA affirmed Mr. Ruffalo as an arbitrator in this matter.

Arbitration awards are subject to very limited review in order to avoid undermining the Federal Arbitration Act's goal of settling disputes quickly and efficiently. See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Hovey, 726 F.2d 1286, 1291-92 (8th Cir. 1984). The Court is mindful that the depositions of arbitrators are "repeatedly condemned" by courts. O.R. Sec., Inc. v. Professional

Planning Assocs., Inc., 857 F.2d 742, 748 (11th Cir. 1988) (citation omitted) (finding district court did not abuse its discretion in not permitting discovery on issue of whether arbitrators disregarded the law); see also Woods v. Saturn Distrib. Corp., 78 F.3d 424, 430 (9th Cir. 1996) (disallowing deposition of arbitrator where party sought to obtain evidence of bias) .

The Crawford Group stated in its motion to vacate that Mr. Ruffalo's submissions to the AAA demonstrate that he had no experience or training in arbitrating any matters. Despite this assertion, it seeks Mr. Ruffalo's deposition testimony to "provide the Court with the best and most direct evidence" of Mr. Ruffalo's alleged lack of experience. In ruling on the motion to vacate, the Court will not concern itself with extraneous information regarding the qualifications of Mr. Ruffalo that might be available through his deposition testimony. Rather, if the Court deems it necessary to delve into the merits of the AAA's decision, it will look to the information that the AAA had before it when it made this decision. The Court finds that the deposition of Mr. Ruffalo would serve only to provide the Court with information regarding Mr. Ruffalo's qualifications that was not before the AAA. Even assuming the Court reviews the propriety of the AAA's decision affirming Mr. Ruffalo as an arbitrator, this information is irrelevant to this review. The Court finds that the deposition would unduly burden these proceedings and would be inconsistent with the objectives of arbitration—to provide quick and efficient resolution of disputes. The Court will not allow the Crawford Group to engage in discovery of information that was not before the AAA at the time it made its decision as to Mr. Ruffalo's qualifications.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash and for protective order is **GRANTED**. [Doc. 34]

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of June, 2007.